IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EASTERN ENGINEERED WOOD PRODUCTS, INC.<br><br>Plaintiff<br><br>v.<br><br>3WOOD WHOLESALE, LLC<br><br>Defendant | Civil Action No._____ |

**PLAINTIFF'S COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiff, Eastern Engineered Wood Products, Inc., by its undersigned counsel, brings this action for trademark infringement and unfair competition against Defendant, 3Wood Wholesale, LLC by filing this complaint and alleges as follows:

**PARTIES**

1. Eastern Engineered Wood Products, Inc. ("Plaintiff" or "EEWP") is a Pennsylvania Corporation with its principal place of business at 1245 Easton Road, Easton, Pennsylvania 18015.

2. On information and belief, 3Wood Wholesale, LLC ("Defendant" or "3Wood") is a Texas limited liability corporation with its principal place of business at 775 W. 1200 North, Suite 100, Springville, Utah 84663.

3. On information and belief, 3Wood also has a business address at 1598 FM3211 Greenville, TX 75402.

1

**JURISDICTION AND VENUE**

4.  This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it involves claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5.  This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant has done business in and has carried on a continuous and systematic part of its general business within the Commonwealth of Pennsylvania by marketing and selling its products in Pennsylvania, subjecting it to the jurisdiction of this Court under the Pennsylvania long-arm statute, 42 Pa. C.S. §§ 5301 and 5303.

6.  Venue is appropriate pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and the Defendant's infringement and resulting consumer confusion occurs in this district.

**BACKGROUND**

7.  Plaintiff is a distributor of structural wood products used in residential and commercial construction.

8.  Since at least as early as 1998, Plaintiff has supplied structural wood products to the professional contractor trade, including structural floor and roof systems, joists, trusses, and beams, through a network of retail lumber yards and component manufacturers.

Plaintiff's Trademark Registration 4,135,195

9.  Plaintiff is the owner of U.S. Registration No. 4,135,195 (the '195

Registration) for the stylized mark shown here, comprising, in part a green, stylized letter E set against a square tilted on a 45-degree angle:



®

10. The '195 Registration is for the foregoing mark in International Class 35, for use in connection with "Whole distributorships featuring engineered wood products, namely, I-joists, laminated veneer lumber, glued laminated timbers, and board in the nature of rimboards, laminated studs, and trimmable-end trusses", and was registered on May 1, 2012.

11. A true and correct copy of United States Certificate of Registration 4,135,195 is attached hereto as Exhibit A

12. Plaintiff has used the mark shown in the '195 Registration since at least as early as October 26, 2004.

13. By virtue of Plaintiff's continuous use and registration of the mark that is the subject of the '195 Registration, such mark has become incontestable pursuant to 15 U.S.C. § 1065.

14. Plaintiff filed a declaration of incontestability relating to the '195 Registration on May 1, 2018, and The United States Patent and Trademark Office acknowledged

3

Plaintiff's declaration of incontestability on May 12, 2018.

Plaintiff's Trademark Registration 4,135,202

15.     Plaintiff is the owner of U.S. Registration No. 4,135,202 (the '202 Registration) for the stylized mark shown here, comprising, in part a green, stylized letter E set against a square tilted on a 45-degree angle.



16.     The '202 Registration is for the foregoing mark in International Class 35, for use in connection with "Wholesale distributorships featuring engineered wood products, namely, I-joists, laminated veneer lumber, glued laminated timbers, and boards in the nature of rimboards, laminated studs, and trimmable-end trusses", and was registered on May 1, 2012.

17.     A true and correct copy of United States Certificate of Registration 4,135,202 is attached hereto as Exhibit B.

18.     Plaintiff has used the mark shown in the '202 Registration since at least as early as October 26, 2004.

19.     By virtue of Plaintiff's continuous use and registration of the mark that is the subject of the '202 Registration, such mark has become incontestable pursuant to 15 U.S.C. § 1065.

20.     Plaintiff filed a declaration of incontestability relating to the '202 Registration on May 1, 2018, and The United States Patent and Trademark Office acknowledged

4

Plaintiff's declaration of incontestability on May 12, 2018.

21.     As a result of Plaintiff's long use and marketing of its trademarks, including those that are the subjects of the '195 Registration and the '202 Registration, Plaintiff has amassed substantial goodwill and prestige in the markets for construction supply and structural wood.

22.     Plaintiff sells its products in interstate commerce through various channels, including direct wholesale transactions to suppliers, internet and online sales, and through sales using traditional communications means throughout the United States.

23.     Plaintiff's customers are loyal to EEWP, and its products and services.

24.     As a result of Plaintiff's long use of its trademarks, including those shown in the '195 Registration and the '202 Registration, such marks have become distinctly and uniquely associated with Plaintiff and the goodwill of Plaintiff's reputation.

25.     On information and belief, Defendant began in or after October 2023, to offer its services to potential customers in the structural wood industry and/or building products industry, including offering wholesale lumber distribution services.

26.     On information and belief, Defendant began in or after October 2023, to offer its services in connection with the trademark shown here (the "3Wood Logo"):



27. Defendant's use of the 3Wood Logo for services relating to wholesale lumber, structural wood, and building products harms and will continue to harm Plaintiff's business and goodwill generated under the registered marks for Plaintiff's services provided thereunder.

28. The following screenshot of the webpage at https://www.eewp.com/resources/, part of Plaintiff's website, taken on November 12, 2024, and advertises that EEWP personnel have "[o]ver 800 total combined years of industry experience."



29. The following screenshot of the homepage of Defendant's website at https://3woodco.com/, taken on November 12, 2024, uses language nearly identical to the

6

language of Plaintiff's website to advertise that Defendant's personnel "have over 100 years of combined experience" in the industry.



30.     The following screenshot of the webpage at https://www.eewp.com/contact/, part of Plaintiff's website, taken on November 12, 2024, includes text encouraging customers and potential customers of Plaintiff to "[c]onsult our experts for answers to your questions, product recommendations, or to simply place an order."



31. The screenshot taken of Defendant's website and referenced in Paragraph 28, above, includes text identical to that of Plaintiff's website, encouraging customers and potential customers of Defendant to "[c]onsult our experts for answers to your questions, product recommendations, or to simply place an order."

32. Defendant's website and the 3Wood Logo use the color green, in a shade nearly identical to that used by Plaintiff on its website and in its logos, which are the subject of the '195 Registration and the '202 Registration.

33. On information and belief, Defendant was aware of EEWP at the time that Defendant adopted the 3Wood Logo and launched Defendant's website.

34. On information and belief, Defendant was aware of Plaintiff's logos that are the subject of the '195 Registration and the '202 Registration at the time that Defendant adopted the 3Wood Logo.

35. On information and belief, Defendant or someone on its behalf intentionally copied from Plaintiff's website in designing and/or drafting copy for Defendant's website.

36. Defendant, within its first months of its existence, was sued in Federal District Court in a civil action alleging, *inter alia*, misappropriation of trade secrets by Defendant and/or its principals.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

37. Plaintiff incorporates Paragraphs 1-36 by reference as if fully incorporated herein.

38. This is a cause of action for federal trademark infringement arising under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39. Plaintiff's federally registered mark that is the subject of the '195 Registration, attached hereto as Exhibit A, is valid, incontestable, subsisting, and unrevoked.

40. Plaintiff has continuously used its mark that is the subject of the '195 Registration in connection with its products and services since at least the dates specified on the face of the attached U.S. Registration attached hereto as Exhibit A.

41. Plaintiff's continuous use and promotion of its federally registered mark that is the subject of the '195 Registration in interstate commerce started long prior to the acts of Defendant complained of herein.

42. Plaintiff's federally registered mark that is the subject of the '202 Registration, attached hereto as Exhibit B, is valid, incontestable, subsisting, and unrevoked.

43. Plaintiff has continuously used its mark that is the subject of the '202 Registration in connection with its products and services since at least the dates specified on the face of the attached U.S. Registration attached hereto as Exhibit B.

44. Plaintiff's continuous use and promotion of its federally registered mark that is the subject of the '202 Registration in interstate commerce started long prior to the acts of Defendant complained of herein.

45. Defendant's use of the stylized 3Wood trademark shown in paragraph 25 is unauthorized by Plaintiff and constitutes an infringement of Plaintiff's registered mark that is the subject of the '195 Registration and is likely to cause confusion, mistake, and deception of the public as to the identity and origin of Defendant's goods.

46. Defendant's use of the stylized 3Wood trademark shown in paragraph 25 is unauthorized by Plaintiff and constitutes an infringement of Plaintiff's registered mark that is the subject of the '202 Registration and is likely to cause confusion, mistake, and deception of the public as to the identity and origin of Defendant's goods.

47. Plaintiff's and Defendant's goods and services are similar in that they both offer structural wood building products, addressed to typical buyers of such products, including distributors thereof.

48. Plaintiff and Defendant sell and offer for sale their goods and services via similar sales and distribution channels and cater to the same customers.

49. As, upon information and belief, Defendant was aware of Plaintiff's logos that are the subject of the '195 Registration and '202 Registration at the time Defendant adopted the 3Wood Logo, Defendant's infringement of Plaintiff's '195 Registration and '202 Registration is willful.

50. Unless enjoined by the Court, Defendant will continue to use the infringing marks, causing irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

51. As a result of Defendant's acts alleged as above, Plaintiff has incurred damages in an amount to be proven at trial.

52. By reason of the foregoing acts, Defendant is liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.

## COUNT II: COMMON LAW TRADEMARK INFRINGEMENT

53. Plaintiff incorporates Paragraphs 1-52 by reference as if fully incorporated herein.

54. This cause of action arises under the common law of the Commonwealth of Pennsylvania.

55. By the acts and activities complained of herein, Defendant is in a position to pass off its goods or services as goods produced or services offered by, or under license from, or with the approval of Plaintiff.

56. Defendant's acts and activities are also likely to cause consumers to mistakenly believe that Defendant's goods are produced by or Defendant's services are offered by, or under license from, or with the approval of Plaintiff.

57. Plaintiff has no control over the infringing goods and services advertised, offered for sale, and/or sold by Defendant with the result that Plaintiffs brand recognition and goodwill are irreparably injured by the acts complained of herein.

58. Defendant's acts and conduct constitute trademark infringement under the common law.

59. Defendant's acts and conduct explained in the preceding paragraphs support that Defendant's trademark infringement is willful.

60. Defendant's trademark infringement has caused and will continue to cause damage to Plaintiff and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

61. As a result of Defendant's acts alleged as above. Plaintiff has incurred damages in an amount to be proven at trial.

### COUNT III: UNFAIR COMPETITION UNDER LANHAM ACT § 43

62. Plaintiff incorporates Paragraphs 1-61 by reference as if fully incorporated herein.

63. This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64. Defendant's actions set forth herein, including but not limited to Defendant's use of the 3Wood stylized mark to promote, market, or sell its products and services comprising and relating to structural wood products in interstate commerce in direct competition with Plaintiff's products and services constitutes unfair competition pursuant to 15 U.S.C. § 1125(a). Defendant's use of the stylized 3Wood mark and copying or mimicry of Plaintiff's website content are likely to cause confusion, mistake, and deception among consumers as to the origin, source, sponsorship or approval of Defendant's goods and services, in that purchasers or others are possibly and likely to believe that Defendant's goods or services are associated with Plaintiff, or that Plaintiff's goods or services are associated with Defendant. Defendant's unfair competition has caused and will continue to cause damage to Plaintiff and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

65. As Defendant was aware of Plaintiff and Plaintiff's '195 and '202 Registrations at the time Defendant adopted the 3Wood Logo and launched its website, Defendant's copying and mimicry of Plaintiff's website and infringement of the '195 and '202 Registrations is willful.

66. As a result of Defendant's acts alleged as above, Plaintiff has incurred damages in an amount to be proven at trial.

## COUNT IV: COMMON LAW UNFAIR COMPETITION

67. Plaintiff incorporates Paragraphs 1-66 by reference as if fully incorporated herein.

68. Defendant's actions set forth herein, including but not limited to Defendant's use of the 3Wood stylized mark to promote, market, or sell its products and services comprising and relating to structural wood products are likely to cause confusion, mistake, or deception as to Defendant's affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's products, services, and commercial activities.

69. Defendant's actions alleged herein constitute unfair competition in violation of the common law of Pennsylvania.

70. As Defendant was aware of Plaintiff and Plaintiff's '195 and '202 Registrations at the time Defendant undertook the actions of Paragraph 68 and mimicked Plaintiff's website, Defendant's actions and conduct described herein is willful.

71. Defendant's unfair competition has caused and will continue to cause damage to Plaintiff and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

72. As a result of Defendant's acts alleged as above, Plaintiff has incurred damages in an amount to be proven at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter an Order and Judgment granting it the following relief:

1. Preliminarily and permanently enjoining the Defendant and each of its agents, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from:

   (a) using the stylized 3Wood mark shown above;

   (b) using any trademark that imitates or is confusingly similar to or in any way similar to Plaintiff's trademarks registered in the '195 Registration and '202 Registration, or any other mark that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Defendant's products or services, or their connectedness to Plaintiff;

2. Require Defendant to file with the Court and serve on Plaintiff within thirty (30) days of entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction, pursuant to 15 U.S.C. § 1116(a);

3. Holding Defendant liable, pursuant to 15 U.S.C. § 1117, for all damages suffered by Plaintiff resulting from the acts alleged herein;

4. Compelling Defendant, pursuant to 15 U.S.C. § 1117, to account to Plaintiff for any and all profits derived by it from its illegal acts complained of herein;

5. Ordering Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional

material or the like in possession, custody, or under the control of Defendant bearing the stylized 3Wood mark displayed above;

6. Ordering Defendant to account to Plaintiff for, and disgorge to Plaintiff, all profits it has derived as a result of the unlawful acts complained of above;

8. Declaring this to be an exceptional case and awarding Plaintiff its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

9. Awarding Plaintiff such other relief that the Court deems just and appropriate under the circumstances.

*****  *SIGNATURE PAGE FOLLOWS*  *****

                                        Caesar Rivise, PC

Dated: March 12, 2025              By: _/s/ Douglas Panzer_

                                        Douglas Panzer (PA Bar ID# 203354)
                                        1635 Market Street
                                        Seven Penn Center – 12th Floor
                                        Philadelphia, PA 19103
                                        (215) 567-2010 – telephone
                                        (215) 751-1142 – facsimile
                                        dpanzer@crbcp.com
                                        Attorney for Plaintiff